**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4244**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LOUIS JAVIER AMARO,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:11-cr-00003-RJC-14)

Submitted:  September 24, 2013        Decided:  October 3, 2013

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Javier Amaro pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2006) ("Count Two"), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006) ("Count Three"). The district court sentenced him to a total of ninety months in prison, four years of supervised release, and a $200 special assessment. On appeal, counsel for Amaro filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court improperly rejected the plea agreement's recommendations and attributed five kilograms of cocaine to Amaro as relevant conduct under the U.S. Sentencing Guidelines. Amaro has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm Amaro's convictions and sentence.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every

subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50 (internal citation and footnote omitted)).

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will "reverse unless we conclude that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). In assessing the district court's application of the Guidelines, we review the district court's findings of fact for clear error. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). Only if we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. Carter, 564 F.3d at 328.

At sentencing Amaro objected to the district court's consideration of drug quantities in excess of the parties' joint recommendation in the plea agreement. However, pursuant to the terms of the agreement itself, Amaro's plea agreement was not

3

binding on the district court. See Fed. R. Crim. P. 11(c)(1)(B). Moreover, "[t]he district court has a separate obligation . . . to make independent factual findings regarding relevant conduct for sentencing purposes." United States v. Love, 134 F.3d 595, 605 (4th Cir. 1998). We find that the district court did not clearly err in overruling the objection. Furthermore, we find that the district court provided an adequate, individualized explanation to support the sentence. See Carter, 564 F.3d at 330. Our review of the record therefore leads us to conclude that Amaro's below-Guidelines sentence was neither procedurally nor substantively unreasonable. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (holding below—Guidelines sentence is entitled to presumption of substantive reasonableness).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Amaro, in writing, of the right to petition the Supreme Court of the United States for further review. If Amaro requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Amaro.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>